IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DUHRING RESOURCE COMPANY,<br>      Plaintiff,<br><br>and<br><br>PENNSYLVANIA OIL AND GAS<br>ASSOCIATION,<br>      Plaintiff-Intervenor<br><br>      v.<br><br>THE UNITED STATES FOREST<br>SERVICE,<br>      Defendant,<br><br>and<br><br>ALLEGHENY DEFENSE PROJECT,<br>      Defendant-Intervenor | Civil Action No. 07-0314 |

## MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                                September 11, 2009

      This is an action under the Administrative Procedures Act. Plaintiff Duhring Resource Company challenges the United States Forest Service's actions regarding Duhring's oil, gas, and mineral rights within the Allegheny National Forest. The Forest Service filed the administrative record on May 29, 2009, and supplemented it on June 3, 2009. Duhring and POGAM have filed motions seeking to further supplement, or complete, the administrative record.

Duhring has sought leave to include a series of seven documents as part of the administrative record [doc. no. 135]. Neither the Forest Service, nor the Allegheny Defense Project, object to inclusion of four of those documents. As such, those four documents, i.e., the letters from Arthur Stewart to the Forest Service dated June 23, 2006, July 23, 2007 and December 17, 2007, and the complaint in United States v. Minard Run Oil Co., shall be included in the administrative record.

Duhring also seeks to include an October 11, 1991 letter from the Office of General Counsel, United States Department of Agriculture in the administrative record. The Forest Service does not object. ADP only objects to including that letter in the record to the extent that a similar letter, dated May 24, 2007, is not also included. ADP has sought to include that May 24, 2007 letter from Michael Danaher to Paul Stockinger in the administrative record by motion [doc. no. 139]. Both Duhring and the Forest Service agree that the May 24, 2007 letter should be included in the administrative record, and do not oppose ADP's motion. As such, both the October 11, 1991 and May 24, 2007 letters shall be made a part of the administrative record.

Finally, Duhring seeks to include a letter dated May 18, 2009 from Arthur Stewart to the Forest Service, with a Road Use Permit attached, in the administrative record. Although the Forest Service does not object to including these documents in the administrative

record, ADP does.  According to ADP, these two documents should not be included in the record because they post-date the 2007 and 2008 agency decisions that are at issue in this case.  Duhring contends that they should be part of the record because: (1) they "concern[] the OGM rights in question and the USFS regulating those rights" and "directly bear on the issues raised in this action", and (2) they "were available to the USFS at the times of its actions and its inaction that are the subject of the case sub judice."

Neither argument justifies including the May 18, 2009 letter, with attachment, in the administrative record of this case.  The second argument advanced by Duhring is illogical.  Duhring has failed to explain how a letter dated May 18, 2009 was available to the Forest Service in 2007 or 2008.  The first argument is legally insufficient.  As Duhring acknowledges, the standard for inclusion of a document in the administrative record is not whether it touches on the issues decided by the agency, but whether it was a document that was before the agency at the time the decision was made.  See e.g., Portland Audubon Soc'y v. Endangered Species Comm., 984 F.2d 1534, 1548 (9th Cir. 1993); James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1095 (D.C. Cir. 1996).  The fact that a document might deal with issues previously decided by the Forest Service is not determinative of whether the document should be made part of the administrative record.  Duhring has made no showing as to why this particular letter should be made part of the record even though it

3

could not have been before the agency at the time of the disputed decisions. Therefore, we will deny Duhring's motion to include the May 18, 2009 letter, with its attachment, as part of the administrative record.

AND NOW, this 11th day of September, 2009, it is HEREBY ORDERED that Duhring's Motion to Supplement Administrative Record [doc. Nno. 135] is GRANTED, in part, and DENIED, in part, in accordance with the preceding opinion; and

IT IS FURTHERED ORDERED that ADP's Motion to Complete the Administrative Record [doc. no. 139] is GRANTED.

BY THE COURT:

_____, J.

cc:       All Counsel of Record